IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02539-WYD-MJW

JOHN JACQUAT,

    Plaintiff,

v.

HUB INTERNATIONAL INSURANCE SERVICES INC.

    Defendant.

---

## PROTECTIVE ORDER (Docket No 16-2)

---

Upon a showing of good cause in support of the entry of a protective order to protect the discovery and dissemination of confidential information or information which will improperly annoy, embarrass, or oppress any party, witness, or person providing discovery in this case, IT IS ORDERED:

1. This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2. As used in this Protective Order, "document" is defined as provided in Fed.R.Civ.P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3. Information designated as "CONFIDENTIAL" shall be information which is not known publicly or to others in the insurance industry, including information such as trade secrets, customer lists, tax returns and information that implicates common law and privacy

interests of current or former employees of Defendant. CONFIDENTIAL information shall not be disclosed or used for any purpose except the preparation and trial of this case and only as permitted herein.

4.  Information designated as "HIGHLY CONFIDENTIAL" shall be information which, if obtained by a competitor, could result in harm to the disclosing party's business or client relationships, including confidential, proprietary or trade secret information, which may include, but is not limited to, financial information, business information, marketing information, strategic information, customer lists, customer pricing, customer policies, renewal dates, customer and prospect contact information, policy and insurance needs, rate quotes, and similar information. HIGHLY CONFIDENTIAL information shall not be disclosed or used for any purpose except the preparation and trial of this case and only as permitted herein.

5.  Documents, materials, and/or information marked CONFIDENTIAL shall not, without the consent of the party producing it, or further Order of the Court, be disclosed *except that* such information may be disclosed to:

(a) attorneys actively working on this case;

(b) persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

(c) the parties and designated representatives of the Defendant;

(d) expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

(e) the Court and its employees ("Court Personnel");

(f) stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

(g) deponents, witnesses, or potential witnesses; and

(h) other persons by written agreement of the parties.

6. Documents, materials, and/or information marked HIGHLY CONFIDENTIAL shall be maintained at the offices of Plaintiff's and Defendant's respective counsel. Access to HIGHLY CONFIDENTIAL information shall be restricted to the persons and entities identified in paragraph 5(a), (b), (c), (d), (e), (f), (g), and (h) above and on the terms and conditions set forth in those sections and subsections. Notwithstanding this, however, Plaintiff and designated representatives of the Defendant shall not be provided with any copies of documents containing HIGHLY CONFIDENTIAL information and shall only review HIGHLY CONFIDENTIAL information at the offices of their respective counsel. Each party's counsel shall maintain a log of all copies of documents marked HIGHLY CONFIDENTIAL which are delivered to any one or more qualified person set forth in Paragraph 5(a), (b), (d), (e), (f), (g), and (h) above.

7. Prior to disclosing any CONFIDENTIAL or HIGHLY CONFIDENTIAL (hereinafter "Confidential Information") information to any person listed above (other than counsel, persons employed by counsel, Court Personnel and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment stating that he or she has read this Protective Order and agrees to be bound by its provisions. All such acknowledgments shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel. Non-testifying experts or consultants do not need to be disclosed to the other party under this section provided that they meet the qualifications set forth in this section.

8. Documents are designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

9. Any information designated by a party as Confidential Information must first be reviewed by a lawyer and the designation must be "based on a good faith belief that [the information] is confidential or otherwise entitled to protection" under Fed. R. Civ. P. 26(c)(7). *Gillard v. Boulder Valley School District*, 196 F.R.D. 382, 386 (D. Colo. 2000).

10. Whenever a deposition involves the disclosure of Confidential Information, the deposition or portions thereof shall be designated as such and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as Confidential Information after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

11. A party may object to the designation of particular Confidential Information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as Confidential Information to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as Confidential Information under the terms of this Protective Order

until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as Confidential Information and shall not thereafter be treated as Confidential Information in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as Confidential Information shall bear the burden of establishing that good cause exists for the disputed information to be treated as Confidential Information.

12. In the event any Party desires to file a document, brief, memorandum, or any other paper with this Court which discloses any Confidential Information, or the substance thereof, such document, brief, memorandum, or other paper (or, if appropriate, the confidential portion thereof) shall be filed under seal and the disclosing party shall, contemporaneously with the filing of the Confidential Information, file and diligently pursue a motion to seal. The above shall be done pursuant to and in compliance with D.C.COLO.LCivR 7.2 ~~and 7.3~~.

13. All such material so filed shall, pursuant to D.C.COLO.LCivR 7.2 ~~and 7.3~~, be maintained by the Clerk of the Court in the sealed envelope or container with the appropriate legend and shall be released only upon further order of the Court. In the event any Confidential Information is used in any court proceeding herein, including deposition, subject to the rules of evidence, the Federal Rules of Civil Procedure, and any other applicable law, such information shall not lose its confidential status through such use, and the Parties shall take all steps described above to protect the confidentiality of such information during its use.

14. Nothing contained in this Order shall affect the rights, if any, of the Parties to make any other type of objection, claim or other response to any discovery request, subpoena, or any question at a deposition, nor shall this Order be construed as a waiver by the Parties of any legally cognizable privilege to withhold any document or information, or of any right which

the Parties may have to assert such privilege at any stage of the proceedings. In addition, neither a Confidential designation, nor a failure to object to a Confidential designation hereunder shall be construed as an admission that the designated information is or is not confidential for purposes of establishing the information's status as a trade secret.

15. At the conclusion of this case, unless other arrangements are agreed upon, each document and copies thereof which have been designated as Confidential Information shall be returned to the party that designated it as such, or the parties may agree to destroy the documents. Where the parties agree to destroy documents containing Confidential Information, the destroying party shall provide all parties with an affidavit confirming destruction.

16. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

DONE AND SIGNED this 20th day of January, 2010.

BY THE COURT:

_____
United States Magistrate Judge
Michael J. Watanabe