IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No. 09-cv-02539-WYD-MJW

JOHN JACQUAT,

    Plaintiff,

v.

HUB INTERNATIONAL INSURANCE SERVICES, INC., a California corporation,

    Defendant.

---

**ORDER OVERRULING OBJECTION OF
UNITED STATES MAGISTRATE JUDGE'S ORDER
ON MOTION FOR PROTECTIVE ORDER REGARDING
RULE 30(b)(6) DEPOSITION**

---

This matter is before the Court on Defendant's Rule 72(a) Objection to Magistrate [Judge's] Order on Motion for Protective Order Regarding Rule 30(b)(6) Deposition (ECF No. 66), filed July 27, 2010. On August 12, 2010, Plaintiff filed his response to Defendant's Objection, and on August 26, 2010, Defendant filed its reply. For the reasons stated below, Defendant's Objection is overruled and Magistrate Judge Watanabe's Order dated July 20, 2010 is affirmed.

I.    <u>BACKGROUND</u>

By way of background, in August 2005, Plaintiff began working as an insurance broker for the Talbot Agency ["Talbot"].[1] At the initiation of his employment, Plaintiff

---

[1] The Defendant, now known as Hub International Insurance Services, Inc., ["Hub" or "the Defendant"] acquired Talbot in July 1, 2004 and operated Talbot as a subsidiary when the Plaintiff commenced his employment with Talbot.

entered into a non-solicitation agreement with Talbot restricting his ability to solicit business from Talbot's customers or use confidential information he obtained through his employment.  In the instant case, as Talbot's successor in interest, Defendant seeks the enforcement of the non-solicitation agreement.

On October 13, 2009, Plaintiff expressed to the Defendant his plans to leave his current employment and to become self-employed as an insurance broker, apparently intending to take some of his clients with him.  On October 15, 2009, the Defendant, through its counsel, sent a letter to the Plaintiff threatening legal proceedings and demanding that the Plaintiff cease forming an insurance brokerage company and abide by all of the restrictions in the non-solicitation agreement.  The Defendant also warned Plaintiff that his actions could warrant legal action against him for a breach of his duty of loyalty.  In response, Plaintiff contended that the non-solicitation agreement was not enforceable and that he had not breached a duty of loyalty.

On October 28, 2009, the Plaintiff filed the instant action in this Court seeking a declaratory judgment that the non-solicit and non-compete clauses in the non-solicitation agreement were not enforceable and that he had not violated his duty of loyalty to the Defendant.  On November 25, 2009, Defendant filed an Answer with Counterclaims alleging breach of duty of loyalty, breach of contract, misappropriation of trade secrets, and tortious interference with prospective business advantage.

On June 24, 2010, Plaintiff noticed the Fed. R. Civ. P. 30(b)(6) deposition of Defendant.  The following day, Defendant filed a Motion for Protective Order challenging nine specific topics of inquiry.  (ECF No. 52.)  This motion was referred to Magistrate

Judge Watanabe. He issued an Order on July 20, 2010, denying the motion. On July 27, 2010, Defendant filed its Rule 72 Objection to Magistrate Judge Watanabe's Order, which is now fully briefed and pending before me.

Magistrate Judge Watanabe found in his Order that

> [i]n this lawsuit, Defendant Hub International Insurance Services, Inc., a California corporation ("Hub") seeks to prevent Plaintiff John Jacquat ("Jacquat") from postemployment solicitation of its customers and potential customers without regard to any geographic limitation as outlined in its counterclaims. Hub claims that the nonsolicitation agreement is enforceable to protect its trade secrets, without regard to any geographic limitation and therefore Hub's policies, practices, and procedures with regard to non-solicitation and non-competition agreements are relevant to this litigation and Hub's position to limit the scope of Hub's Rule 30(b)(6) witness(es) to just Hub's Southwest Division is without merit. Moreover, that the Rule 30(b)(6) topics numbered 1, 2, 9, 13, 15, 23, 24, 25, 26, are relevant on the issues before this court and are reasonably calculated to lead to the discovery of admissible evidence and are not unduly burdensome.

(Magistrate Judge Watanabe's Order, ECF No. 63.)

## II. DEFENDANT'S OBJECTION TO MAGISTRATE JUDGE WATANABE'S ORDER DENYING THE MOTION FOR PROTECTIVE ORDER

### A. Analysis

Defendant argues in its Objection that Magistrate Judge Watanabe's Order is clearly erroneous or contrary to law. Specifically, it is argued that the magistrate judge's decision to "bar or even limit" specific topics of inquiry "goes against the weight of the evidence and is clearly erroneous." (ECF No. 66 at 5.) Defendant further claims that "it would be nearly impossible—or perhaps impossible—for Hub to prepare a witness to testify fully to these topics. (ECF No. 66 at 9.)

Since Defendant filed a timely Objection, I must review Magistrate Judge

-3-

Watanabe's Order to determine whether it is "clearly erroneous or contrary to law" since the nature of the matter is nondispositive. Fed. R. Civ. P. 72(a). "An order is clearly erroneous when the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been made." *Cook v. Rockwell Int'l Corp.*, 147 F.R.D. 237, 242 (D. Colo. 1993).

The Tenth Circuit has held that "[t]he law is well-settled that corporations have 'an affirmative duty' to make available as many persons as necessary to give 'complete, knowledgeable, and binding answers' on the corporations's behalf." *Ecclesiates 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1146 (10th Cir. 2007) (quoting *Reilly v. NatWest Mkt. Group Inc.*, 181 F.3d 253, 268 (2nd Cir. 1999).

1. Topic 23

In Plaintiff's Notice of Deposition of Hub Pursuant to Fed. R. Civ. P. 30(b)(6), the relevant portion of Topic 23 reads as follows:

> Pursuant to Fed. R. Civ. P. 30(b)(6), Hub has designated Jason Romick, an officer, director, or managing agent of Hub to testify on behalf of Hub International Insurance Services, Inc. on the following topics. Except as specifically indicated, all topics are limited to the time frame from January 2005 to present.
>
> 23. Any and all legal proceedings to which Hub has been a party over the past 5 years, including any governmental inquiries and internal investigations, including the status of such proceedings and any fines, penalties, civil or criminal penalties or judgments relating to such proceedings.

(Pl.'s Notice.)

First, I reject Defendant's contention that Magistrate Judge Watanabe's "decision refusing to bar or even limit this topic goes against the weight of the evidence and is

clearly erroneous." (ECF No. 66 at 5.)  Defendant offers no authority for this assertion other than to cite the general legal principle that Fed. R. Civ. P. 26(b)(2)(C) "provides that discovery shall be limited by the court if it determines that . . . (iii) the burden or expense of the proposed discovery outweighs its likely benefit . . . ."  (ECF. No. 66 at 5.)

Second, I agree with Magistrate Judge Watanabe that Defendant's claims to enforce the non-solicitation agreement in this case make information concerning litigation involving similar anti-competitive agreements well within the scope of discoverable material.  Defendant has not shown that this conclusion was clearly erroneous or contrary to law.

Finally, Plaintiff stated in his response to the Objection that he has "no desire to seek discovery concerning every slip and fall and other premises liability action to which Hub has been a party."  (ECF No. 80 at 5.)  It appears that Plaintiff has agreed to appropriately limit the scope of information sought in Topic 23.  Furthermore, I do not find that Magistrate Judge Watanabe's ruling was clearly erroneous or contrary to law.  After reviewing the relevant evidence, I am not left with a definite and firm conviction that a mistake has been made.  There is ample evidence to support that the discovery sought in Topic 23 is relevant to rebut Defendant's counterclaims.  Accordingly, subject to Plaintiff's voluntary limitations on the scope of the requested information set forth in his response, I overrule Defendant's Objection to Magistrate Judge Watanabe's Order in connection with Topic 23.

    2.    Topic 24

In Plaintiff's Notice of Deposition of Hub Pursuant to Fed. R. Civ. P. 30(b)(6), the

relevant portion of Topic 24 reads as follows:

> Please designate one or more officer(s), director(s), managing agent(s) or other person(s) to testify on behalf of Hub International Insurance Services, Inc. on the following topics. Except as specifically indicated, all topics are limited to the time frame from January 2005 to present.
>
> 24. Employee attrition from Hub by producers or account executives subject to non-competition and/or non-solicitation agreements with Hub, and the cause of such attrition.

(Pl.'s Notice.)

Again, I reject Defendant's contention that Magistrate Judge Watanabe's "decision refusing to bar or even limit this topic goes against the weight of the evidence and is clearly erroneous." (ECF No. 66 at 5.) Defendant offers no authority and no persuasive arguments for this contention.

Second, I agree with Magistrate Judge Watanabe that Defendant's claims to enforce the non-solicitation agreement in this case make this discovery — Defendant's attempts to enforce similar agreements when employees have left employment with Hub — relevant. Defendant has not shown that this conclusion was clearly erroneous or contrary to law.

Finally, Plaintiff stated in his response to the Objection that he has communicated with Defendant and agreed to limit the scope of the information sought in Topic 24. I find this limitation appropriate and appreciate the parties meeting and conferring on such topics without Court intervention in the interests of judicial economy. Moreover, I do not find that Magistrate Judge Watanabe's ruling was clearly erroneous or contrary to law. After reviewing the relevant evidence, I am not left with a definite and firm conviction that a mistake has been made. There is ample evidence to support

that the discovery sought in Topic 24 is relevant. Accordingly, subject to Plaintiff's voluntary limitations on the scope of the requested information set forth in his response, I overrule Defendant's Objection to Magistrate Judge Watanabe's Order in connection with Topic 24.

### 3. Topics 25 and 26

In Plaintiff's Notice of Deposition of Hub Pursuant to Fed. R. Civ. P. 30(b)(6), the relevant portions of Topics 25 and 26 read as follows:

> Please designate one or more officer(s), director(s), managing agent(s) or other person(s) to testify on behalf of Hub International Insurance Services, Inc. on the following topics. Except as specifically indicated, all topics are limited to the time frame from January 2005 to present.
>
> 25. The identity of account executives, producers, agents, or other employees subject to non-compete, non-solicitation or confidentiality agreements who have left Hub since January 1, 2005, the basis for terminating their relationship with Hub, and their current place of employment.
>
> Pursuant to Fed. R. Civ. P. 30(b)(6), Hub has designated Matt Coleman, an officer, director, or managing agent of Hub to testify on behalf of Hub International Insurance Services, Inc. on the following topics. Except as specifically indicated, all topics are limited to the time frame from January 2005 to present.
>
> 26. The identity of any former Hub customers or clients who discontinued their relationship with Hub after departure from Hub of the Hub agent or employee who serviced the former customer or client, the basis for terminating their relationship with Hub, and from whom they are currently receiving insurance brokerage services.

(Pl.'s Notice.)

Similarly, I reject Defendant's claims that Magistrate Judge Watanabe erred in determining that the information sought in Topics 25 and 26 is relevant and discoverable. Defendant fails to satisfy its burden of proving that Magistrate Judge

-7-

Watanabe's conclusion was clearly erroneous or contrary to law.  As stated before, Defendant does not provide any persuasive authority or support for its assertions that "the Magistrate [Judge's] refusal to bar or even limit this deposition topic" is legal error. (ECF No. 66 at 7.)

I agree with Magistrate Judge Watanabe that Defendant has put the information sought in Topics 25 and 26 at issue since its counterclaims concern a non-solicitation agreement without any geographic limitation.  Additionally, I note that Plaintiff has voluntarily agreed to place limitations on the scope of this discovery.  Specifically, Plaintiff stated in his response that he is "willing to limit th[is] [Topic 26] to clients who discontinued their relationship with Hub after departure of their agent and are willing to limit this request to the southwest region."  (ECF No. 80 at 7-8.)  I find these limitations appropriate pursuant to Fed. Civ. P. 26(b)(2)(C) and encourage the parties to meet and confer to reach maximum agreement on the scope of the noticed Rule 30(b)(6) deposition topics.

Accordingly, I do not find that Magistrate Judge Watanabe's ruling was clearly erroneous or contrary to law.  After reviewing the relevant evidence, I do not have a definite and firm conviction that a mistake has been made.  There is evidence to support the fact that the discovery sought in Topics 25 and 26 is reasonably calculated to lead to the discovery of admissible evidence to rebut Defendant's counterclaims.  Accordingly, subject to Plaintiff's voluntary limitations on the scope of the requested information set forth in his response, I overrule Defendant's Objection to Magistrate Judge Watanabe's Order in connection with Topics 25 and 26.  I find no error with this

ruling.

III.     CONCLUSION

Based upon the foregoing, it is

ORDERED that Defendant's Rule 72(a) Objection to Magistrate [Judge's] Order on Motion for Protective Order Regarding Rule 30(b)(6) Deposition (ECF No. 66) is **OVERRULED**.  It is

FURTHER ORDERED that Magistrate Judge Watanabe's Order of July 20, 2010 is **AFFIRMED**.

Dated:  September 22, 2010

BY THE COURT:


s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge